IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TONY PHILLIPS,<br><br>    Defendant. | No. 11-CR-27-LRR<br><br>**ORDER** |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Tony Phillips's Objections (docket no. 45) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 40). Judge Scoles recommends that the undersigned deny Defendant's Motion to Suppress ("Motion") (docket no. 23).

## *II. PROCEDURAL HISTORY*

On February 8, 2011, a grand jury returned a one count Indictment (docket no. 2) which charged Defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).[1] On March 14, 2011, Defendant filed the Motion. On March 23, 2011, the government filed a Resistance (docket no. 29). On March 25, 2011, Defendant appeared before Judge Scoles and entered a conditional plea of guilty.

On March 29, 2011, Judge Scoles held a hearing ("Hearing") on the Motion. Attorney Jane Kelly represented Defendant, who was personally present. Assistant United States Attorney Robert Teig represented the government. On April 11, 2011, Judge Scoles filed the Report and Recommendation. That same date, the undersigned accepted

---

[1] On March 8, 2011, the grand jury returned a Superseding Indictment (docket no. 18) to correct Defendant's name.

Defendant's guilty plea. On April 25, 2011, Defendant filed his Objections.

## III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) (stating "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed R. Crim. P. 59(b)(3) (stating a district judge "may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600. Accordingly, the undersigned reviews the parties' objections de novo.

## IV. OBJECTIONS

Defendant lodges three objections to the Report and Recommendation. First, he objects to Judge Scoles's conclusion that officers had reasonable suspicion to stop the vehicle in which Defendant was a passenger. Second, he objects to Judge Scoles's conclusion that although officers mistakenly believed that Defendant was Gregory Hollie, such belief was objectively reasonable. Third, he objects to Judge Scoles's conclusion that officers did not illegally detain Defendant after the initial traffic stop.

### A. *The Traffic Stop*

Judge Scoles concluded that the officers had reasonable suspicion to stop the vehicle Defendant was riding in because they believed Defendant was Gregory Hollie, an individual with an outstanding arrest warrant who was also sought in connection with a

recent shooting. Defendant objects, arguing that the officers did not have sufficient information to support their belief that Defendant was Hollie.

While performing surveillance on a house where Hollie was known to stay, officers observed Defendant walk down the street and approach the house. After repositioning their vehicle, officers saw a vehicle pull into a parking area in the rear of the house. When the vehicle exited the alley behind the home, officers observed Defendant in the back seat. Officers believed Defendant was the same individual they had just seen walking in front of the house. Based on a booking photo and physical description of Hollie, Officer O'Brien testified that he and his partner believed Defendant was Gregory Hollie. After de novo review, the undersigned agrees with Judge Scoles that the officers here had a reasonable basis to believe that an occupant of the car was Hollie and therefore were justified in stopping the vehicle. *See United States v. Shields*, 519 F.3d 836, 837 (8th Cir. 2008) (stating that officers were justified in stopping vehicle while "attempting to execute a valid arrest warrant"). Accordingly, the court overrules this objection.

### B. *The Mistaken Identity*

Judge Scoles concluded that the officers' mistaken belief that Defendant was Gregory Hollie was objectively reasonable, and therefore did render the traffic stop unconstitutional. *See United States v. Bueno*, 443 F.3d 1017, 1024 (8th Cir. 2006) ("[N]either mistake of law nor mistake of fact renders a traffic stop illegal so long as the officer's actions were objectively reasonable in the circumstances."). Defendant objects, raising largely the same arguments he raises with respect to the traffic stop. For the reasons articulated in Section IV.A, *supra*, the court agrees with Judge Scoles's conclusion that the officers' mistaken belief as to Defendant's identity was objectively reasonable. Accordingly, the court overrules this objection.

### C. *Detaining Defendant*

Judge Scoles concluded that the officers did not illegally detain Defendant after the

initial traffic stop. Defendant objects, arguing that Officer O'Brien's actions during the stop were unwarranted. Defendant also objects to Judge Scoles's efforts to distinguish *United States v. Simpson*, 439 F.3d 490 (8th Cir. 2006).

In the Motion, Defendant argues that once he "handed the officer his identification, and the officer read the name, any legitimate purpose for the traffic stop no longer existed." Brief in Support of the Motion (docket no. 23-1) at 4. Judge Scoles disagreed, reasoning that Officer O'Brien was authorized to order Defendant out of the vehicle to verify his identity. Judge Scoles based this conclusion on Officer O'Brien's testimony that Defendant made strange movements as the vehicle pulled over and continued to behave oddly during the stop. He also noted Officer O'Brien's reasonable belief that he was dealing with Hollie, who was possibly armed and had been involved in a recent shooting. Judge Scoles distinguished *Simpson* by noting that the officer in that case continued a foot pursuit after he realized he had mistakenly identified the man.

After de novo review, the court agrees with Judge Scoles that the officers did not illegally detain Defendant. Officer O'Brien reasonably believed he was dealing with a potentially armed individual and observed suspicious movements and odd behavior by Defendant during the traffic stop. Officer O'Brien also testified that it was difficult to see Defendant's face, as he was seated in the back seat, and that his safety concerns made him hesitant to expose himself to danger by trying to get a better look inside the vehicle. During a traffic stop, "both the driver and passenger may be ordered to exit the vehicle in the interests of officer safety." *United States v. Oliver*, 550 F.3d 734, 737 (8th Cir. 2008) (citing *Maryland v. Wilson*, 519 U.S. 408, 413-15 (1997)). In this case, the officers asked Defendant to exit the vehicle in an effort to establish his identity. After Defendant got out of the car, the officers asked him if he had any weapons, and he admitted he had a firearm in his pocket.

The court agrees that *Simpson* is distinguishable from this case. In *Simpson*, an

officer chased an individual whom the officer thought had an outstanding arrest warrant. *Simpson*, 439 F.3d at 492. During the chase, the suspect removed some clothing, and the officer "immediately realized" he was mistaken. *Id*. Nonetheless, the officer continued the chase, and the defendant was ultimately charged as a felon in possession of a firearm. *Id*. at 493. Judge Scoles distinguished *Simpson* on the grounds that in the instant case, "Defendant admitted possession of a handgun on his person *before* Officer O'Brien verified Defendant's identity." Report and Recommendation at 7.[2]

Defendant contends this case is similar to *Simpson* because Defendant gave Officer O'Brien an identification card bearing his name and photo before Defendant got out of the car. He also faults Officer O'Brien for not asking Defendant to make his face visible while he was seated in the vehicle. Given the circumstances, the court agrees with Judge Scoles that the officers were justified in asking Defendant to get out of the car to confirm his identity and out of concerns for officer safety. Accordingly, the court overrules this objection.

### V. CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1)　Defendant's Objections (docket no. 45) are **OVERRULED**;

(2)　The Report and Recommendation (docket no. 40) is **ADOPTED**; and

(3)　The Motion to Suppress (docket no. 23) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of May, 2011.

---

[2] The court also notes, as Judge Scoles did, that the Eighth Circuit Court of Appeals assumed for purposes of the appeal that the officer in *Simpson* had insufficient suspicion to justify an investigative stop. *Simpson*, 439 F.3d at 496.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA